```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION
```

CHARLES CALVIN MOORE,            :
                                 :
    Plaintiff,                   :
                                 :
vs.                              :    CIVIL ACTION 08-0533-KD-M
                                 :
WARDEN JERRY FERRELL,            :
                                 :
    Defendant.                   :

<u>REPORT AND RECOMMENDATION</u>

Pending before the Court is Plaintiff's Notice of Appeal (Doc. 30), Prisoner Consent Form on Appeal (without prisoner account statement) (Doc. 32), Motion to Proceed Without Prepayment of Fees (Doc. 34) with prisoner account statement (March to March as of March 21, 2009), Motion for a Prisoner Consent Form on Appeal (Doc. 35), prisoner account statement (March to March as of March 21, 2009) (Doc. 36), and prisoner account statement (July to July as of July 30, 2009) (Doc. 38). For the reasons set forth below, it is recommended that the Motion to Proceed Without Prepayment of Fees be denied because the appeal is frivolous and not taken in good faith.

On June 23, 2009, Plaintiff Charles Calvin Moore, an Alabama prison inmate proceeding *pro se* in this 42 U.S.C. § 1983 action, filed a Notice of Appeal (Doc. 30) of the District Judge's Order, dated June 3, 2009, adopting the Report and Recommendation and dismissing Plaintiff's 42 U.S. C. § 1983 medical care claims

pertaining to his seizure disorder with prejudice (Docs. 26, 27). On June 26, 2009, Plaintiff filed a Prisoner Consent Form on Appeal (without the prisoner account statement) (Doc. 32). Subsequently, on July 7, 2009, he filed a Motion to Proceed Without Prepayment of Fees with attached prisoner account statement (Doc. 34); on July 13, 2009, he filed a Motion for a Prisoner Consent Form on Appeal (Doc. 35), with an outdated prisoner account statement (Doc. 36); and, on August 3, 2009, he supplemented the Motion with a current prisoner account statement as ordered (Docs. 38, 37).

Notwithstanding a finding of economic eligibility, "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."  28 U.S.C. § 1915(a)(3); *see also Busch v. County of Volusia*, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  An appeal is not taken in good faith if it is plainly frivolous.  *United States v. Youngblood*, 116 F.3d 1113, 1115 (5th Cir. 1997); *DeSantis v. United Technologies Corp.*, 15 F. Supp. 2d 1285, 1289 (M.D. Fla. 1998) (appeal is not taken in good faith when it fails to "seek[] appellate review of any issue that is not frivolous"), *aff'd*, 193 F.3d 522 (11th Cir. 1999); *United States v. Durham*, 130 F. Supp. 445 (D.C. D.C. 1955) ("good faith" means the existence of a substantial question or one which has merit and is not frivolous); *Sejeck v. Singer Mfg. Co.*, 113 F. Supp. 281 (D.C.

N.J. 1953) ("in good faith" means that points on which appeal is taken are reasonably arguable); *United States v. Gicinto*, 114 F. Supp. 929 (W.D. Mo. 1953) (the application should be denied if the trial court is of opinion that the appeal is frivolous, and without merit, and a futile proceeding); *see generally Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (action is frivolous for § 1915 purposes if it is without arguable merit either in law or in fact); *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (same).  This Court, in its Order adopting the Report and Recommendation, found that Plaintiff had received timely and sufficient medical care for his seizure disorder and that no constitutional violation had occurred.  Furthermore, Plaintiff has not claimed or pointed out in what way the Order is in error.  Therefore, the Court finds that the appeal is frivolous and not taken in good faith and the Motion to Proceed Without Prepayment of Fees is due to be denied.

   Notwithstanding Plaintiff's indigent status or the denial of permission to proceed *in forma pauperis*, because Plaintiff is a prisoner, 28 U.S.C. § 1915 (as amended by the Prison Litigation Reform Act), requires payment of the full amount of the filing fee.  Based upon a review of Plaintiff's prisoner account statement for the most recent twelve-month period (Doc. 38), the Court determines that an initial partial filing fee in the amount of $9.34 is warranted.  Plaintiff has authorized the deduction of

the filing fee from his prison account and the Court **DIRECTS** the Commissioner of the Alabama Department of Corrections or his designee to immediately deduct the partial filing fee of $9.34 from Plaintiff's prisoner account and remit that amount to the District Clerk of Court.  Thereafter, the Court **DIRECTS** the Commissioner of the Alabama Department of Corrections or his designee every month to withdraw twenty percent of the preceding month's income credited to the prisoner's inmate account and to remit that amount to the District Court Clerk each time the amount in the account exceeds $10.00 until the remainder of the total filing fee of $455.00 has been paid in full.  These payments shall clearly identify Plaintiff's name and the case number assigned to this action, and shall be paid by check made payable to "Clerk, U.S. District Court."  **Once adopted**, the Clerk is **DIRECTED** to send the Commissioner of the Alabama Department of Corrections and the business manager of the institution where Plaintiff is incarcerated a copy of this Report and Recommendation and the District Judge's Order adopting it.

In conclusion, it is recommended that Plaintiff's Motion to Proceed Without Prepayment of Fees be denied and that the District Judge certify in writing that Plaintiff's appeal is frivolous and not taken in good faith.  Since this recommendation is made after a referral pursuant to 28 U.S.C. § 636(b)(3), Plaintiff does not have the opportunity to file an objection.

*Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1998)("Section 636(b)(3) does not provide a party with ten days to file written objections with the district court."). The Clerk is therefore **DIRECTED** to refer this recommendation to the District Judge without the necessity of a waiting period.

DONE this 11th day of August, 2009.

s/BERT W. MILLING, JR.<br>UNITED STATES MAGISTRATE JUDGE